# MARCH, 1945

DALLAS ELECTRIC SUPPLY COMPANY v. THE BRANUM COMPANY.

No. A-264. Decided January 31, 1945.
Rehearing overruled March 7, 1945.
(185 S. W., 2d Series, 427.)

*W. S. Campbell* and *O. D. Montgomery*, both of Dallas, for petitioner.

In as much as respondent failed to perfect an appeal from the trial court's judgment but only filed cross assignment to those of appellant, the Court of Civil Appeals error to entertaining jurisdiction to consider same and in setting aside and reversing the judgment of the trial court. Frost v. Ross, 77 S. W. 990; Temple Trust Co. v. Haney, 107 S. W. (2d) 368; Milliken v. Coker, 132 Texas 23, 115 S. W. (2d) 620.

*Storey, Sanders, Sherrill & Armstrong*, of Dallas, for respondent.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

Mose Branum, doing business as the Branum Company, by a contract in writing, dated January 1, 1940, appointed Dallas Electric Supply Company, a corporation, as his agent to sell Tung-Sol Radio Tubes on a commission basis in a defined territory. As authorized by the terms of the contract, the agent appointed forty-one sub-agents at different points in the territory to whom radio tubes were consigned for sale on commission. The agency was terminable at will, the provision in reference thereto reading as follows:

"The agency is an agency at will and may be terminated by either party upon written notice to the other, by registered mail."

On May 1, 1942, Branum terminated the agency in strict compliance with the terms of that provision. Thereupon the agent instituted this suit and in connection therewith paid into the registry of the court $2,183.34, which it admitted was owing by it to Branum under the terms of the contract, subject, however, to certain claims, hereinafter to be noticed, asserted by it against Branum growing out of the agency contract. In the trial court it recovered judgment on one of the claims, but was

denied recovery on the other. Both parties filed motions for a new trial and, upon the overruling thereof, each gave notice of appeal. The agent alone perfected an appeal by filing an appeal, bond, but Branum in his brief in the Court of Civil Appeals presented cross points based upon cross assignments complaining of the judgment in so far as it ran against him. The Court of Civil Appeals overruled all of the agent's points, sustained the cross points of Branum, and accordingly entered judgment affirming the trial court's judgment in part and reversing and rendering same in part. 185 S. W. (2d) 427. The agent brings error.

One of the claims asserted by the agent against Branum was for commissions amounting to $1,781.69 alleged to be due it on the forty-one sub-agency accounts, the grounds of such claim being that it had substantly performed the contract with respect thereto and was entitled to the commissions under the terms of the contract. In the alternative it sought to recover the same amount on a quantum meruit basis as the reasonable value of the services rendered in procuring the sub-agents and distributing the radio tubes to them. The trial court sustained exceptions to the pleading in so far as it declared upon the claim for commissions, but submitted to the jury a special issue on the theory of quantum meruit, calling upon the jury to determine the reasonable value of the services of the agent in making distribution to the sub-agents of the stocks of radio tubes which they still had on hand when the contract was terminated. To this issue the jury answered $1,000.00. Both parties filed motions praying that this finding be disregarded and judgment entered notwithstanding same. The agent prayed that judgment be rendered in its favor for $1,781.69. In the alternative, however, it prayed that judgment be rendered in its favor on the verdict for $1,000. Branum's motion was that the finding be disregarded and the claim of the agent for recovery on the quantum meruit be denied. That motion was granted and judgment rendered that the agent take nothing on that claim. The Court of Civil Appeals affirmed that portion of the trial court's judgment.

The contract provided:

"The agent shall pay all expense in the storage, cartage, transportation, insurance, handling, sale and distribution of tubes hereunder, and all expense incident thereto and to the accounting therefor, and to the collection of accounts created or served by the Agent."

Another provision was:

"The expiration or termination of this agreement for any reason shall be without prejudice to the rights of the Manufacturer against the Agent, and shall not relieve the Agent of any of its obligations and guarantees hereunder. Immediately upon any such expiration or termination, the Agent shall deliver,—or cause to be delivered,—to the Manufacturer, or the Manufacturer's order, transportation prepaid, all tubes consigned hereunder in the custody of the Agent or of its Sub-Agents which remain unsold and shall fully perform all obligations of the Agent which then remain unfulfilled."

On April 22, 1942, Branum wrote each of the sub-agents the following letter:

"On April 20th we sent you notice that we are changing distributors as of May 1st, and after that date you will be served by Wanslow & Company, 912 N. Peak St., Dallas, Texas.

"This is to advise you that you do not need to purchase your stock, or return it to your present distributor, unless it is entirely agreeable with you to do so. Of course, if you wish to discontinue handling Tung-Sol Radio Tubes, it is your privilege to do this.

"Please disregard any information you might receive contrary to the preceding paragraph, and, if you wish to continue as a Tung-Sol Radio Tube dealer, your balance as of May 1st will be transferred to Wanslow & Company who will serve you exactly as your account has been handled in the past."

It is not the agent's theory that, had Branum at the time he terminated the contract directed it to deliver all of the stock in the hands of the sub-agents to him as a designated place, it would not have been obligated to do so at its own expense under the terms of the contract. The agent also recognizes that, by directing that the tubes might remain in the possession of the sub-agents, if they so desired, it was saved the trouble and expense of collecting and delivering them elsewhere. Its position is that, by the language of the contract above quoted it was its obligation to deliver these tubes at the termination of the contract, *transportation prepaid, which negatived* any idea that there was to be any delivery other than an actual delivery and return to Branum. Otherwise, it reasons, there would be no transportation charges. From this it reasons that the course pursued by Branum was not in exact accord with the terms of the contract, and that, therefore, "no forfeiture of all rights to compensation for the value of the services" was brought about.

We are unable to adopt this reasoning. No principle of forfeiture is applicable. The agent had nothing to forfeit. Branum had the right to make any reasonable order for the disposition of these tubes, and the order that they might remain in the possession of the sub-agents was not unreasonable. Branum's course was in exact accord with the contract.

■ It follows that there is no basis for the application of the doctrine of quantum meruit in this case. A recovery on that ground would be a recovery of what the agent's services were worth. The contract expressly covered that subject by providing for a very substantial commission to the agent for all of its services, including the distribution of these radio tubes to sub-agents at its own expense. The amount of compensation was not left to implications, but was definitely fixed. For the court to determine what the agent's services were worth would be for it to make a contract for the parties. That, of course, it cannot do. Tennant v. Fawcett, 94 Tex. 111, 58 S. W. 824; Fordtran v. Stowers, 113 S. W. 631; Bennett v. Giles, 12 S. W. (2d) 843.

■ The other claim asserted by the agent was for the recovery of damages for loss of profits on account of sales of radio tubes made by Branum to certain dealers other than the sub-agents within the territory defined in the contract. This claim was asserted on the theory that under the contract the agent was granted the exclusive right to make sales of these tubes in that territory, and that it was therefore entitled to commissions on sales made by Branum himself. The jury fixed the amount of these commissions and the trial court rendered judgment thereon against Branum for $905.58. Branum filed a motion for judgment non obstante veredicto which was overruled and thereafter filed a motion for a new trial and, as noted above, upon its being overruled he gave notice of appeal but did not perfect his appeal by filing an appeal bond. In his brief in the Court of Civil Appeals he brought forth the assignments of error in his motion for a new trial as cross points. The Court of Civil Appeals, over the objection of the agent, considered these cross points, sustained same, and accordingly reversed the judgment of the trial court on this phase of the case and rendered judgment that petitioner take nothing.

The petitioner strongly urges that the Court of Civil Appeals was not authorized to consider these cross points. We are not in accord with its view, but, on the contrary, it is our view that the court was well within its recognized powers in considering same. Since the early history of this court the right of an

appellee to bring forward cross assignments, as against the appellant, without perfecting an independent appeal has been recognized. In the case of Caperton v. Wanslow, 18 Tex. 125, where one party appealed and thereafter the appellee prosecuted a writ of error, it was held to be an unnecessary proceeding, and the costs were therefore taxed against him.

No better statement of the rule has been found than that made in Ward v. Scarborough (Com. App.) 236 S. W. 441, in which the right of an appellee to cross-assign errors is given wide scope. See also O'Neill v. O'Neill, 77 S. W. (2d) 554, and authorities therein cited.

This right of the appellee has not been restricted or limited by our Rules of Civil Procedure. Rule 420, prior to its amendment on September 20, 1941, read as follows:

"The brief for the appellee shall reply to the points relied upon by appellant in due order when practicable, and in case of cross-appeal the brief shall follow substantially the form of the brief for appellant."

By the amendment the first clause was not changed at all, but the second clause was changed to read as follows:

"* * * and in case the appellee desires to complain of any ruling or action of the trial court, his brief in regard to such matters shall follow substantially the form of the brief for appellant."

Whatever might have been the effect of the rule prior to its amendment, it is clear that by such amendment the right of an appellee to cross-assign errors was recognized and confirmed. Whether or not he would be required to file a motion for new trial the same as an appellant is not before us, for that was done in this case and the cross points are based on assignments contained therein.

It has been held in a number of cases, of which Bransdall Oil Co. v. Hubbard, 130 Tex. 476, 109 S. W. (2d) 960, is typical, that, if a judgment is severable, the appellant may appeal from a part only thereof, and when that is done the appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by appellant. The agent takes the position that this case falls within that exception. We are not in accord with this view. Both of its claims stem from the contract. As well stated in the opinion of the Court of Civil Appeals:

"As heretofore shown, plaintiff came into court admitting that it was indebted to defendant in the sum of $2,181.34, paid that amount into the registry of court, but contemporaneously sought to recapture same by urging two claims against the defendant, * * *."

In practical effect the real contest after the issues were joined had to do with the proper disposition of the deposited fund. Each party claimed that he was entitled to all of it. The trial court directed that a part of it be paid to each. This rule of practice, which does away with the necessity for prosecuting two appeals from the same judgment and bringing up two records, is well founded and should not be departed from except in cases where the judgment is definitely severable and appellant strictly limits the scope of his appeal to a severable portion thereof. The judgment in this case is not one of that nature and the appellant's appeal brought the whole of it to the Court of Civil Appeals. Accordingly, we overrule the points under consideration.

■ This brings us to the remaining question in the case, and that is whether or not petitioner was entitled to commissions on sales made by respondent direct to dealers residing in the territory designated in petitioner's agency contract. These sales were not made to customers or patrons of petitioners. No other sales to these dealers had ever been made by any agent appointed by respondent and petitioner rendered no service in connection with, nor did it have any knowledge of the making of such sales at the time they were made. The question must therefore be determined from a construction of the contract of agency.

As stated in 2 Am Jur. Agency, Sec. 307:

"* * * A distinction has been made between an 'exclusive agency' and an exclusive right to sell, the principal having a right to sell without the payment of compensation to the agent in the former case, but not in the latter."

See 3 C. J. S. Agency, Sec. 179; Anno. 10 A. L. R. 816; Anno. 20 A. L. R. 1268. Texas cases bearing upon the subject are: Case Threshing Machine Co. v. Wright Hardware, Co., 130 S. W. 729; Clark v. Asbury, 134 S. W. 286, and Bomar v. Munn, 158 S. W. 1186. We are not presently concerned with the validity, vel non, of the distinction, for it is the agent's position that it had the exclusive right to sell radio tubes in the named area, or that the implication to be drawn from the contract is to

that effect, and that oral testimony was therefore properly admitted as to the dealings of the parties under the contract to aid in resolving the uncertainty. In order that petitioner's position in respect to this matter be clearly stated, we copy in full its statement upon which it bases its contention of ambiguity in the contract:

"The first paragraph of the contract provides that appellee 'hereby appoints Dallas Electric Supply Company, Inc., of Dallas, Texas, its Agent, to sell for *it* Tung-Sol Radio Tubes,' etc. Paragraph 2(b) of the contract provides that, 'The Agent is authoried to sell and distribute tubes only in the territory described on the reverse side of this contract, and not in any other territory.' On the reverse side is listed the trading areas, with 'permission' given named wholesalers to serve as dual distributors in certain of the territory assigned to appellant. Certain counties in Oklahoma are "all to be served exclusively by Am. Elec. Ign. Co.' Heavy duties and responsibilities are imposed on the appellant by the contract."

In our opinion these provisions do not grant the agent an exclusive right to sell and neither do they create any ambiguity whatever in the contract. From this it follows that evidence outside the contract to establish the intention of the parties should not have been admitted. The contract, in our opinion, is plain and unambiguous. Having reached that conclusion, there is nothing further to write.

The judgment of the Court of Civil Appeals, which affirmed the judgment of the trial court in part and reversed and rendered same in part, as above indicated, is, in our opinion, correct and same is accordingly affirmed.

Opinion adopted by the Supreme Court January 31, 1945.

Rehearing overruled March 7, 1945.