M. M. HUDGENS, Deceased, and Gussie Hudgens, as Administratrix for the Estate, Appellant,

v.

TEXAS CASUALTY INSURANCE COM-PANY, Appellee.

No. 8291.

Court of Civil Appeals of Texas, Amarillo.

Jan. 29, 1973.

Rehearing Denied March 5, 1973.

---

Edwards, Smith & Associates (Carson Smith) Amarillo, for appellant.

Culton, Morgan, Britain & White (Dick Cazzell), Amarillo, for appellee.

JOY, Justice.

This summary judgment case, involving a workmen's compensation insurance policy, is here by appellate action of M. M. Hudgens, defendant-cross plaintiff below. Affirmed.

The facts as developed by the summary judgment proof consisting of two affidavits submitted by the movant, Texas Casualty Insurance Company, the plaintiff-cross defendant in the trial court, are set out hereinafter. Stewart, the employer of the deceased defendant, M. M. Hudgens, was a subcontractor employed on a construction project working for the prime contractor, Strickland. Strickland carried workmen's compensation insurance and was deducting 6% from the subcontractor Stewart's earnings for the purpose of paying for Stewart's workmen's compensation premiums. Stewart approached Bratton, an agent for Texas Casualty Insurance Company, on approximately January 6, 1969 [1] for the purpose of inquiring about workmen's compensation insurance for his crew. Stewart made no application for the insurance nor paid any premium at that time. Bratton, wholly upon his own initiative, proceeded to apply for insurance with Texas Casualty Insurance Company for Stewart. Bratton received a policy from Texas Casualty issued on January 16, and dated effective that date. A Certificate of Insurance was prepared by Bratton but was retained in his files and never delivered to Stewart. Hudgens, the employee of Stewart, suffered an injury on the job on January 18, after which time Strickland's compensation carrier investigated the accident and commenced compensation payments to the injured Hudgens. Bratton contacted Stewart in the early part of February, in regard to the Texas Casualty insurance. Stewart visited Bratton's office on February 17 at which time Bratton attempted to secure Stewart's signature to the forms required by Texas Casualty to secure the insurance. Stewart refused to complete the forms and pay a premium for the reason that the premiums were higher than the 6% charged through Strickland for the purported compensation insurance furnished by Strickland. Texas Casualty, failing to receive the necessary forms properly executed by Stewart required for the insurance policy, issued a notice of cancellation to Bratton and, for some reason not disclosed by the record, Bratton furnished a copy of the cancellation notice to Strickland. Napier, an insurance agent representing the carrier for Strickland, then contacted Bratton inquiring as to the reason for the cancellation of the Texas Casualty policy and was advised by Bratton that Stewart had refused to complete the necessary forms and pay the premium. Napier then volunteered to get the forms executed by Stewart and thereafter contacted Stewart for that purpose stating that the action was necessary for Hudgens to draw workmen's compensation insurance. Napier then delivered the forms, along with Strickland's check for the pre-

1. All dates are 1969.

miums, to Bratton and Bratton issued the Certificate of Insurance and delivered same to either Napier or Strickland for further delivery to Stewart. Apparently this action was taken in the early part of March. Bratton then learned on April 1 for the first time that Hudgens had suffered an injury on the job on January 18.

 Appellant Hudgens contends by three points of error that the affidavits of Bratton and Stewart are of interested witnesses and therefore do no more than raise an issue of fact to be decided upon a trial. Appellant filed no controverting affidavits and if the affidavits filed in support of the summary judgment, even though from interested witnesss, are clear and positive and not discredited by any circumstances in the record, then they may be considered. See Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.1965). The Supreme Court in Burch v. Commonwealth County Mutual Insurance Company, 450 S.W.2d 838 (Tex.Sup.1970), at page 840, stated:

". . . If he applies for and obtains an antedated policy knowing that a loss has already occurred during the policy period, his failure to disclose the facts constitutes fraud that would enable the insurer to set aside the contract."

Obviously Napier, the agent for Strickland's compensation carrier, was the prime movant in securing the delayed execution of the forms and payment of the premium to Texas Casualty Insurance Company. Apparently, Napier's company had paid medical bills and some weekly compensation prior to any information gained by Napier that Texas Casualty had issued a policy that had never been accepted nor paid for by Stewart. Neither Napier nor Stewart advised Bratton or Texas Casualty of Hudgens' claim until after Napier delivered the forms signed by Stewart at Napier's request, along with a premium payment made by a check drawn on Strickland, and, under the rationale of the Burch case, the policy issued by Texas Casualty Insurance Company was ineffective as to any liability to Hudgens' undisclosed injury and claim.

We hold there is no genuine issue of material fact and the trial court was correct in granting the summary judgment.

Affirmed.