**Jane JACKSON et al., Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. B2297.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1980.

Rehearing Denied April 2, 1980.

Mark Vela, Stanley G. Schneider, Doherty, Vela, Poser & Collins, Houston, for appellant.

Robert M. Collie, Jr., City Atty., Dennis C. Gardner, Sr., John J. Hightower, Asst. City Attys., Houston, for appellee.

Before COULSON, JUNELL and MILLER, JJ.

JUNELL, Justice.

Eighty-six members of the Airport Police brought this action against the City of Houston for declaratory relief alleging that they are "Policemen" within the meaning of the Texas Civil Service Statute, Tex.Rev. Civ.Stat.Ann. art. 1269m, § 2 (Vernon 1963),[1] and thus entitled to all benefits thereunder. The trial court found that the positions held by plaintiffs are not within the purview of the Civil Service Act. Plaintiffs appeal claiming that the trial court incorrectly interpreted the statute. We agree with the interpretation by the trial court and affirm the judgment.

The Civil Service Statute applies to designated persons in cities over 10,000 which have adopted it. It defines "Policeman," for purposes of civil service benefits, as ". . . any member of the Police Department appointed to such position in substantial compliance with the provisions of Sections 9, 10 and 11 of this Act, or entitled to Civil Service Status under Section 24 of this Act." Section 9 describes examinations a candidate must pass to qualify for the eligibility list. Section 10 describes the method of filling positions in the Department by appointment from the Police Commission's eligibility lists. Section 11 describes the procedure for maintaining records of persons certified to fill vacancies, and Section 24 is the "grandfather clause," allowing Civil Service Status to those already members of the Department at the time of passage of the statute.

■ The Civil Service Statute, article 1269m, by its terms applies *only* to members of the police department or fire department who fit the further qualification of having been appointed to that position by a designated process. Appellants in their answer to the City's request for admissions admitted that while employed as Airport Police they were not members of the Houston Police Department, but rather the department of aviation. They provided no proof that the further qualifications of Sections 9, 10 and 11 had been met for their employment as Airport Police. Thus, the statute by its terms does not apply to appellants.

■ Appellants contend that in construing the Civil Service Statute to exclude airport security personnel, who are peace officers, the court has allowed the City to illegally limit the authority of peace officers within the meaning of Tex.Rev.Civ. Stat.Ann. art. 4413 (29aa) (Vernon 1976).[2] That statute establishes the Commission on Law Enforcement Officer Standards and Education which administers the employment and certification of peace officers in Texas. Peace officers are individuals who meet specified statutory requirements and are certified as such by the Commission pursuant to article 4413 (29aa). Their duties are defined in Tex.Code Crim.Pro. Ann. art. 2.13 (Vernon 1977) as preserving the peace within their jurisdiction using all lawful means.

We hold that the City of Houston did not limit the statutory jurisdiction of a state certified peace officer by adopting the Civil Service Act. Article 1269m contains no provisions regarding duties, responsibility or authority of employees; it deals with benefits allowed civil service personnel. To get the benefits of the statute, appellants must fall within it. Appellants' attack on article 1269m is unfounded. If the City has in any way illegally restricted the statutory jurisdiction of a peace officer, that issue is not before this court, and is not reached. The only point raised on appeal concerns the trial court's interpretation of the Civil Service Act to exclude appellants; thus, that is the only issue addressed. As appellants have failed to show that the Act applies to them, the court below committed no error; thus, appellants' point is overruled.

Affirmed.

---

1. Amended with no pertinent changes: Tex. Rev.Civ.Stat.Ann. art. 1269m, § 2 (Vernon Supp.1980).

2. Subsequently amended: Tex.Rev.Civ.Stat. Ann. art. 4413 (29aa) (Vernon Supp.1980).