The CITY OF FORT WORTH

v.

A. HERNANDEZ et al.

No. 18401.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 20, 1980.

Rehearing Denied Dec. 18, 1980.

Paul C. Isham, City Atty., Fort Worth, for appellant.

Theodore B. Lyon, Jr., Mesquite, for appellees.

## OPINION

MASSEY, Chief Justice.

A. Hernandez, et al., all employed as "Park Rangers" by the City of Fort Worth, brought suit below for declaratory and other relief against the city, seeking a declaration that they were employed as "Policemen" under Tex.Rev.Civ.Stat.Ann. Art. 1269m, "Firemen's and Policemen's Civil Service in cities over 10,000". (This is an elective act and was long ago adopted according to its provision by the City of Fort Worth.)

In conjunction with this suit the plaintiffs alleged entitlement to back–pay and holiday credits additional to that received–constituting the differential between "Policemen" and "Park Ranger" pay. They also sought reasonable attorney's fees.

Trial was to the court. Upon conclusion the court held plaintiffs to be "Policemen" as meant by Art. 1269m; and awarded them back–pay covering the two–year limitation period. The court denied their claim for attorney's fees.

The City of Fort Worth has appealed. Hernandez and his fellow plaintiffs have not appealed, but do attempt to seek additional relief by cross–points.

We reverse.

■ By two cross–points the plaintiffs complain of the trial court having applied the two–year statute of limitation instead of the four–year limitations (thus diminishing the amount in damages to which they claimed entitlement) and, also, of the denial of any amount as attorney's fees. Both points are essentially a complaint because

they were not awarded as much as their entitlement. We recently held that where an appellee seeks greater relief on appeal than that received by judgment from which his adversary has appealed and become appellant, the appellate court is without jurisdiction to grant the requested relief when the appellee has failed to perfect his own appeal; that the relief desired may not be obtained by mere cross–point on appeal. *RIMCO Enterprises v. Texas Electric Service Co.*, 599 S.W.2d 362, 367 (Tex.Civ.App.–Ft. Worth 1980, petition for writ pending). Our opinion expressed in *RIMCO* still persists. The cross–points are therefore overruled.

█ The remaining question is the city's contention that the trial court erred in declaring plaintiffs to enjoy the status of "Policemen" by Art. 1269m. In this we agree with the city and hold the trial court to have erred; that by the application of the law to the facts plaintiffs may not be held to have such a status.

It is a particular kind of classification under the civil service rules that the plaintiffs seek to obtain. Unlike the ordinary civil service classifications enjoyed by others of the employees of the City of Fort Worth, those who are the "Firemen" and "Policemen" by provisions of Art. 1269m are in what may be, for our purposes, considered as an elevated type of status. In any event these employees are in classifications proper to be considered with, but yet as separate and apart from, the civil service classifications of other employees. Under Art. 1269m, "Definitions", is prescribed that for purposes of the statute by the term "Policemen" is meant any member of the Police Department *appointed to such position* in substantial compliance with the provisions of Sections 9, 10 and 11 of the Act, or, as entitled to civil service status under Section 24 of the Act. (Section 24 is not necessary to be considered because it has relation only to those firemen or policemen who were in service as such many years ago and at the time of the final passage of the Act, and, who were entitled to the status of civil service employees as firemen or police-

men without the necessity of having to take any competitive examinations, etc.).

Art. 1269m provides for the establishment of a Firemen's and Policemen's Civil Service Commission in cities over 10,000 that elect to fall under the Act. Sec. 8 of the Article states that this Commission shall provide for the individual classification of each fireman and policeman while the nature or title of those classifications shall be provided by ordinance of the city council. In other words, while it is the Commission's responsibility to determine how an individual officer is classified, it is the city's duty to establish the various classifications available. The city also determines the number of "slots" or "positions" available within each classification.

Sections 9, "Examination for eligibility lists", 10, "Method of filling positions", and 11, "Certification of employees", must be considered in conjunction with Sec. 8., "Classification of firemen and policemen" in deciding the question of plaintiffs' status as "Policemen" under the Act.

Access to those classifications is strictly controlled. The statute provides: "No classification now in existence, or that may be hereafter created . . ., shall ever be filled except by examination held in accordance with the provisions of this law. . . . All vacancies shall be filled by permanent appointment from eligibility lists furnished by the Commission within ninety (90) days after such vacancy occurs."

The trial court justifiably determined from the evidence that plaintiffs' duties as "Park Rangers" did in fact meet the minimum requirements for appointment because they performed duties identical to those who were "Policemen" under the Act. By this justified determination it appears to us that the court was disposed to make the adjudication that they were, in fact "Policemen", and–more materially–enjoyed the status of "Policemen" under the Act.

As we view the provisions of law (1269m), it makes no difference what the duties might be that are discharged by the city's employee. The determinative factor is the method by which he was *selected* as an

employee *or appointed or promoted* to a particular classified position within the Police or Fire Department. Additionally, there must be compliance with procedures such as making application for employment, and doing the prescribed things to become listed on an eligibility list. Once listed thereon a vacancy must actually exist and the individual applicant must stand in line with others similarly qualified to seek the appointment.

For the purpose of the material question, it is not what the duties of employment are that are of material importance, but rather the manner by which one seeks and obtains the employment.

All of the plaintiffs have long been employees of the city as provided by the City Charter in reference to the Park and Recreation Board; a Board supposedly autonomous, upon which was conferred the exclusive control and management of all public parks. As such the plaintiffs were "Civil Service" but not in the same manner as those covered by the more beneficial provisions of 1269m. In this "other class" the provisions for employment, for eligibility for employment, and/or for promotions within the classification system are all materially different and less onerous than that provided by Art. 1269m.

We hold the provisions of 1269m to be exclusive and mandatory. The plaintiffs may not receive the benefits of classification thereunder in any manner other than as provided by its terms. None of them have the right to claim such benefits because they have not complied with the provisions. *Jackson v. City of Houston,* 595 S.W.2d 907 (Tex.Civ.App.–Houston [14th Dist.] 1980, writ ref'd n. r. e.).

Judgment is reversed and our judgment rendered that plaintiffs take nothing by their suit.