**A. HERNANDEZ et al., Petitioners,**

v.

**CITY OF FORT WORTH, Respondent.**

No. C–57.

Supreme Court of Texas.

June 30, 1981.

**924**

Lyon & Smith, Ted B. Lyon, Jr., Mesquite, for petitioners.

Paul Isham, City Atty., Fort Worth, for respondent.

PER CURIAM.

■ The Court of Civil Appeals has held that Park Rangers, employed by the City of Fort Worth Park Department, are not policemen within the definition of the Firemen's and Policemen's Civil Service Act, Article 1269m, Tex.Rev.Civ.Stat.Ann., because Park Rangers are not selected, appointed or promoted to classified positions within the Police Department as required by the Act. 608 S.W.2d 826. We agree and, accordingly, refuse the Application for Writ of Error, no reversible error.

Although this holding disposes of the controversy, the CCA additionally held that it had no jurisdiction to consider the cross-points of the appellee Park Rangers because

they had failed to perfect an independent appeal. 608 S.W.2d at 826–27. This holding is erroneous.

The Park Rangers won in the trial court. The judgment declared them to be "policemen" of the City of Fort Worth and awarded them certain benefits including back pay. The City perfected an appeal. The Park Rangers, as appellees, included in their brief two cross-points which complained, in substance, that the trial court had failed to render judgment for all the relief to which they were entitled and for which they had pled. *See*, Rule 420, Tex.R. Civ.P. The Court of Civil Appeals overruled these cross-points holding that an appellee could not gain additional relief by merely filing cross-points but was required to perfect an independent appeal.

■ We cannot agree. An appellee may use cross-points to bring forward complaints of some ruling or action of the trial court that the appellee alleges constituted error as to him. *Jackson v. Ewton*, 411 S.W.2d 715, 717 (Tex.1967); *King v. Tubb*, 551 S.W.2d 436, 447 (Tex.Civ.App.—Corpus Christi 1977, no writ). It is not necessary to perfect two separate and distinct appeals, unless the judgment of the trial court is definitely severable, and appellant strictly limits the scope of his appeal to a severable portion. *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 185 S.W.2d 427 (1945); *Travelers Indemnity Co. v. Pollard Friendly Ford Co.*, 512 S.W.2d 375 (Tex.Civ. App.—Amarillo 1974, no writ). In our present case, the entire judgment of the trial court was before the Court of Civil Appeals.

The Court of Civil Appeals relies on its recent opinion in *RIMCO Enterprises, Inc. v. Texas Electric Service Co.*, 599 S.W.2d 362, 366–67 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n. r. e.) to support its "cross-point" holding. In *RIMCO*, the party affected by the "cross-point" holding failed to preserve error in this Court. The appellee in the Court of Civil Appeals did not file an Application for Writ of Error attacking the erroneous "cross-point" holding. Hence, the error was not presented to

this Court. *See, Tarver v. Tarver*, 394 S.W.2d 780, 782 (Tex.1965); *Honea v. Lee*, 163 Tex. 129, 352 S.W.2d 717, 718 (1962); *Sears Roebuck & Co. v. Robinson*, 154 Tex. 336, 280 S.W.2d 238, 241 (1955).

 In the present case, the Park Rangers have filed an application for Writ of Error preserving their cross-points below. The error of the Court of Civil Appeals, however, is harmless. Since Hernandez et al. are not entitled to recover as "policemen," the question whether the two or the four year statute of limitations applies is immaterial. The Application for Writ of Error is refused, no reversible error.