PORT DISTRIBUTING CORP., Appellant,

v.

FRITZ CHEMICAL COMPANY, Appellee.

No. 05–88–01041–CV.

Court of Appeals of Texas, Dallas.

May 26, 1989.

Rehearing Denied July 25, 1989.

Robert A. Ray, Tyler, for appellant.

Lindy D. Jones, Lee Anne Stewart, Dallas, for appellee.

Before McCLUNG, BAKER and KINKEADE, JJ.

## ON MOTION FOR REHEARING

McCLUNG, Justice.

Our opinion of May 26, 1989 is withdrawn and this opinion is issued in lieu thereof. Appellee's motion for rehearing is denied.

This case is an appeal by Port Distributing Company from a summary judgment granted in favor of Fritz Chemical Company. Fritz filed suit against Port based upon a verified account. Fritz alleged that it had sold and delivered certain goods to Port who had failed to pay the sums due. Port's answer was a verified denial of the sworn account. Thereafter, Fritz filed a motion for summary judgment. A hearing on the motion for summary judgment was scheduled for May 27, 1988.

On May 18, 1988, the clerk received and file-stamped Port's summary judgment response and supporting affidavit. On May 18, 1988, the clerk also received a single document which contained Port's amended answer and its counterclaim. Because a filing fee had not accompanied the counterclaim, the clerk, improperly, did not file-stamp the amended answer and counterclaim until June 1, 1988, five days after arguments were heard and summary judgment was granted in favor of Fritz. *See Arndt v. Arndt,* 709 S.W.2d 281, 282 (Tex. App.—Houston [14th Dist.] 1986, no writ). The trial court struck Port's amended answer and counterclaim at the time summary judgment was heard, which suggests that those documents were, in fact, physically in the court's jacket and before the court on May 27, 1988. The order to strike was ostensibly based upon Fritz's motion to strike Port's amended answer and counterclaim because they were not timely filed.

The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The

trial court must consider the record as it appears when the motion for summary judgment is heard. *Requipco, Inc. v. Am-Tex Tank & Equipment, Inc.*, 738 S.W.2d 299, 302 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

■ At the time of the summary judgment hearing, Port had on file a verified answer specifically denying the sworn account. *See Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 863 (Tex.1979); *Huddleston v. Case Power & Equip. Co.*, 748 S.W.2d 102, 103 (Tex.App. —Dallas 1988, no writ); *Bentley Village, Ltd. v. Nasits Bldg. Co.*, 736 S.W.2d 919, 922 (Tex.App.—Tyler 1987, no writ). Port also had on file a response to the motion for summary judgment. In its response and the accompanying affidavit, Port alleged that it had ordered floor covering and adhesives from Fritz and that the floor covering was defective in the following respects: it was an improper color; it became stained, although Fritz represented it was impermeable; it was not "square" and thus would not line up properly when placed on the floor. Additionally, the adhesive recommended by Fritz allowed the floor covering to become loose following installation. The attached affidavit was made by Port's president who had personal knowledge of these allegations. Fritz argues that Port's affidavit is based on hearsay. Although the affidavit does contain some statements which are arguably based upon hearsay, the bulk of the specific factual allegations are not. In its response and affidavit Port established by competent evidence the existence of material fact issues. Therefore, the trial court erred in entering summary judgment in favor of Fritz.

We turn now to the effect of the trial court's order striking Port's amended original answer and counterclaim. Each side proceeds on the basis that the trial court struck Port's pleadings because they were not filed within the time limits prescribed by the rules of procedure or the local Dallas rules. *See* TEX.R.CIV.P. 63; DALLAS CIV.DIST.CT.R. 1.9(a). We do not reach the propriety of the trial court's action.

■ The trial court entered an order granting summary judgment for Fritz on May 27, 1988. In a separate document also dated May 27, 1988, the court entered an order striking Port's amended answer and counterclaim. The fact that the court chose to dispose of this case in two separate orders is of no import. Separate instruments executed at the same time, for the same purpose, and in the course of the same transaction are considered to be one instrument. *See Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex.1981). Therefore, the order striking Port's pleadings was merged into the final judgment. *See Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex.1972); *Radelow–Gittens Real Property Management v. Pamex Foods*, 735 S.W.2d 558, 560 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Since there can be only one final judgment entered in any cause, the two orders are construed as a single judgment. TEX.R. CIV.P. 301. Because we have concluded that summary judgment was erroneously granted, the order to strike, which was part of the erroneous judgment, must likewise fall. We, therefore, reverse and remand this case in its entirety. TEX.R.APP.P. 80(b).

■ In two cross-points, Fritz complains that the trial court should have entered a default judgment against Port and also that its claim for attorney's fees was improperly reduced. Pursuant to the recent opinion by the Texas Supreme Court in *Harvey E. Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634 (Tex. 1989), Fritz may complain by cross-point without perfecting an independent appeal. However, complaints of some alleged error must be raised below to afford the trial court an opportunity to correct any errors. *Luna v. S. Pac. Transp. Co.*, 724 S.W.2d 383, 384 (Tex.1987); *West Texas Utilities Co. v. Irvin*, 161 Tex. 5, 7, 336 S.W.2d 609, 610–11 (1960). Fritz's brief fails to indicate where in the record it presented its complaints to the trial court. We hold that when Fritz failed to present its complaint to the trial court, it waived its right to complain.

This case is reversed and remanded for proceedings consistent with this opinion.

KINKEADE, Justice, concurring.

I approve of the majority's opinion with one exception. I would decline to follow *Chapman Air Conditioning, Inc. v. Franks*, 732 S.W.2d 737, 742 (Tex.App.—Dallas 1987, no writ), and would hold that this Court may entertain Fritz's cross-points pursuant to *Hernandez v. City of Fort Worth*, 617 S.W.2d 923 (Tex.1981) (per curiam); *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 185 S.W.2d 427 (1945); and rule 40(a)(4) of the Texas Rules of Appellate Procedure. *See* TEX.R.CIV.P. 353 General Commentary—1966 (Vernon 1985) (repealed predecessor of rule 40(a)(4) of the Texas Rules of Appellate Procedure); *but see Agricultural Warehouse, Inc. v. Uvalle*, 759 S.W.2d 691, 696 (Tex.—Dallas 1988, writ pending) (Kinkeade, J.); *Essex Crane Rental v. Striland Constr. Co.*, 753 S.W.2d 751, 758 (Tex.App.—Dallas 1988, writ denied); *Ragsdale v. Progressive Voters League*, 743 S.W.2d 338, 343–44 (Tex.App.—Dallas 1987, no writ). The record does not show that Port Distributing Corporation served a notice of limitation of appeal upon Fritz, as required by rule 40(a)(4). TEX.R.APP.P. 40(a)(4). Where there is no notice, the entire judgment is before this Court. *Hernandez*, 617 S.W.2d at 924; *Dallas Electric Supply Co.*, 185 S.W.2d at 430. Fritz may use cross-points to bring forward complaints of some action or ruling of the trial court that Fritz contends constituted error as to it. *Hernandez*, 617 S.W.2d at 924; *see Dallas Electric Supply Co.*, 185 S.W.2d at 429–30.

However, Fritz's brief fails to indicate where in the record it presented its complaints to the trial court. Even where an appellee is entitled to bring a cross-point, it must allow the trial court an opportunity to correct any errors by filing exceptions to the judgment, a notice of appeal, or a motion for new trial. *City of Dallas v. Moreau*, 718 S.W.2d 776, 782 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); TEX.R.

APP.P. 52(a). I would hold that Fritz has waived the errors, if any.