NO. 07-09-0061-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 13, 2009

______________________________


IN THE MATTER OF THE MARRIAGE OF 
GEORGE BRINDLEY AND REBECCA BRINDLEY


_________________________________

FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,571; HONORABLE BRADLEY UNDERWOOD, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, George Brindley, perfected this appeal from an Agreed Final Decree of
Divorce. Pending before this Court is an agreed motion to dismiss this appeal. George
Brindley and Appellee, Rebecca Brindley, represent they have settled their differences and
request immediate dismissal of this appeal. Without passing on the merits of the case, the
Agreed Motion to Dismiss Appeal is granted.
Â Â Â Â Â Â Â Â Â Â Accordingly, the appeal is dismissed. Tex. R. App. P. 42.1(a). Having dismissed
the appeal at the request of the parties, no motion for rehearing will be entertained and our
mandate will issue forthwith.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice




led . . . . 

She explicated that she had never been given a refund check for "the lapse of insurance
the insurance company and agency are claiming took place."

Discussion

 We first note the general rule that an insured's failure to pay premiums when they
become due causes the insurance policy to lapse and become ineffective. Walker v.
Federal Kemper Life Assurance Co., 828 S.W.2d 442, 447 (Tex. App.--San Antonio 1992,
writ denied). Under this record, it is undisputed that the monthly renewal premium due on
the policy here was not paid by its due date. It is also undisputed that at the time the
renewal premium was accepted by the Agency, it had no knowledge that an accident had
occurred. Disposition of the appeal, then, requires us to initially decide if the record shows
there are fact questions raised as to whether, by acts or representations, appellees had
waived their right to assert the insurance policy had lapsed at the time of the accident. 

 The purpose of the summary judgment procedure is not to provide either a trial by
deposition or a trial by affidavit. Rather, its purpose is to provide a method of summarily
terminating a case when it clearly appears only a question of law is involved and that no
genuine issue of fact remains. Port Distributing Corp. v. Fritz Chem. Co., 775 S.W.2d 669,
671 (Tex. App.--Dallas 1989, writ dism'd by agr.).

 To prevail on summary judgment, a defendant as movant must either: 1) disprove
at least one element of the plaintiff's theory of recovery, or 2) plead and conclusively
establish each essential element of an affirmative defense, thereby rebutting the plaintiff's
cause of action. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979). A matter is conclusively established if ordinary minds cannot differ as to the
conclusion to be drawn from the evidence. See Triton Oil & Gas Corp. v. Marine
Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982).

 Thus, in a summary judgment matter, the question on appeal is whether the
summary judgment proof establishes, as a matter of law, that there is no genuine issue of
fact as to one or more of the essential elements of the cause of action. See Gibbs v.
General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). When a summary judgment does
not specify the grounds upon which it is based, the judgment will be affirmed if any of the
grounds presented in the motion are meritorious. Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995). 

 Although not specified in its judgment, in its letter to trial counsel notifying them of
its ruling, the trial court opined that it was granting the motion for summary judgment
because it was undisputed that appellees did not know an accident had occurred at the
time they accepted the premium payment. Avila disputes that conclusion, but our review
of the record satisfies us that the trial court was legally correct in that conclusion.

 However, in Avila's pleading, she averred that appellees breached the section of the
Insurance Code then enumerated as art. 21.21, § 4(1). In pertinent part, that statute 
provided that misrepresentations of the terms of any issued policy constitutes "unfair and
deceptive acts or practices in the business of insurance." Tex. Ins. Code Ann. art. 21.21,
Â§ 4(1) (Vernon Supp. 2004-05). She also references Â§17.46(b)(12) of the Business and
Commerce Code (the DTPA) which, in pertinent part, states that a false, misleading, or
deceptive act or practice includes "representing that an agreement confers or involves
rights, remedies, or obligations which it does not have or involve, or which are prohibited
by law." Tex. Bus. & Com. Code Ann. Â§ 17.46(a) & (b)(12) (Vernon Supp. 2004-05).

 The question, then, first presented for our decision is whether appellees, by 
accepting the post-forfeiture premium and reinstating coverage, violated either of the
referenced statutes by declining coverage for a claim for indemnification of damages that
occurred before the acceptance of the premium and the reinstatement of the policy. In that
connection, evidence that establishes only a bona fide coverage dispute does not
demonstrate bad faith. State Farm Fire & Cas. Co. v. Simmons, 963 S.W.2d 42, 44 (Tex.
1998); Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 17 (Tex. 1994). Plainly put, if an
insurer has a reasonable basis for a denial of coverage, it retains the right to deny
questionable claims without being exposed to extra-contractual tort claims which require
the same predicate for recovery as bad faith claims. Emmert v. Progressive County Mut.
Ins. Co., 882 S.W.2d 32, 35 (Tex. App.--Tyler 1994, writ denied). Thus, an insurer who
establishes a reasonable basis for denying a claim, even if that basis is shown to be
erroneous, enjoys immunity from statutory bad faith under the Texas Insurance Code and
the DTPA. MacIntire v. Armed Forces Benefit Ass'n, 27 S.W.3d 85, 92 (Tex. App.-San
Antonio 2000, no pet.). 

 Although Avila strenuously contends that appellees' acts and previous conduct make
it inapplicable in this instance, she does not dispute the general rule that a failure to pay
an insurance policy's renewal premium by its due date forfeits its coverage. Even so, she
argues, in this case there are material facts that demonstrate coverage predicated on a)
Maverick's waiver by a course of dealing or b) the misrepresentation of an agent. In arguing that the Agency waived the forfeiture, Avila places primary reliance upon
the doctrine explicated in Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S.W.
1152 (1912) that acts of an insurer may result in its waiver of a forfeiture for non-payment
of premiums if those acts consist of "negotiations or transactions with the insured, after
knowledge of the forfeiture, by which the insurer recognizes the continued validity of the
policy or does acts based thereon." Id. at 1156. 

 As evidence sufficient to raise a fact question in that regard, Avila contends that the
Agency waived the forfeiture provision by accepting a check and issuing a certificate of
insurance soon after the accident and she has never been given a refund of the premium
she paid. Waiver occurs when a party either intentionally relinquishes a known right or
engages in intentional conduct inconsistent with claiming that right. Zipp Indus., Inc. v.
Ranger Ins. Co., 39 S.W.3d 658, 664 (Tex. App.--Amarillo 2001, no pet.) (citing In re Epic
Holdings, Inc., 985 S.W.2d 41, 57 (Tex.1998)). 

 With regard to Avila's course of dealing theory, her pertinent averments were:

 I had made late payments to Home State County Mutual through the
Maverick Agency before. I was about two days late in renewing my
insurance twice before. This had taken place a couple of times without my
insurance coverage being cancelled. Once before, for example, I was unable
to make it in to the local agency office and pay on a Saturday, and they told
me I could pay on Monday without my insurance being cancelled.


In Southern Farm Bureau Casualty Ins. Co. v. Davis, 503 S.W.2d 373, 377 (Tex. Civ. App.
--Amarillo 1973, writ ref'd n.r.e.), this court explicated that a custom or usage with respect
to the acceptance of late payments of insurance premiums only exists when that has
occurred over a substantial period of time. Accepting Avila's averments at their face value,
they fall far short of showing an acceptance of late payments over a substantial period of
time and thus are not sufficient to raise a fact question about a waiver of appellees' right
to assert the forfeiture of coverage of the accident in question. Moreover, in National Life
& Acc. Ins. Co. v. Reams, 197 S.W. 332, 335-36 (Tex. Civ. App.--Amarillo 1917, no writ),
this court held that a previous history of accepting late payments was not sufficient to show
a waiver by a course of dealing because the insurer had never accepted a late payment
after an accident. Additionally, the fact that no refund of the late premium payment has
been made is not sufficient to show a fact question because the record shows it was
accepted without knowledge of the accident, as well as the undisputed fact that the
insurance certificate showed that it covered a one-month prospective period.

 In asserting that the record is sufficient to raise a fact question as to waiver, Avila 
cites and primarily relies upon Preferred Risk Mutual Ins. Co. v. Rabun, 561 S.W.2d 239
(Tex. Civ. App.--Austin 1978, writ dism'd w.o.j). Rabun concerned the reinstatement of a
lapsed policy. In that case, the evidence showed that the post-forfeiture reinstatement of
the insurance policy occurred before the insured suffered a loss. In Rabun, the insurer's
recording agent had reinstated the policy before the loss by giving the insured an oral
binder consistent with a course of prior dealing before the insured's loss. The oral binder
provided the basis for the court's holding that the policy was in effect at the time of the
insured's loss. Id. at 244. The instant case concerns the effect of the insurer's acceptance
of a premium tendered after both the forfeiture and the loss, which is a question quite
different from that before the Rabun court.

 In the hoary case of Alliance Ins. Co. v. Continental Gin Co., 285 S.W. 257, 258
(Tex. Comm'n App. 1926, judgm't adopted), the court espoused as a matter of public policy
that the acceptance of an insurance premium without knowledge of a loss that had
occurred prior to the receipt of a premium would not result in the insurer's liability. See also
Mallard v. Hardware Indem. Ins. Co., 216 S.W.2d 263, 265-66 (Tex. Civ. App.--San Antonio
1948, no writ). Indeed, in Southern Farm Bureau Casualty Ins. Co. v. Davis, 503 S.W.2d
at 377, this court opined, with approval, that "it has been held that when an insurance
company proposes to renew a policy upon payment of a premium, and the insured retains
the policy and does not respond to the proposal until after a loss, there is no completed
contract of insurance." See also Scottsdale Ins. Co. v. Travis, 68 S.W.3d 72, 75 (Tex.
App.--Dallas 2001, pet. denied) (noting fortuity doctrine precludes coverage for both a
"known loss" or a "loss in progress"); Hudgens v. Texas Casualty Ins. Co., 491 S.W.2d 230,
232 (Tex. Civ. App.--Amarillo 1972, writ dism'd) (no recovery permissible on antedated
policy procured without disclosing a known loss).

 Avila also argues that fact questions exist concerning whether post-loss
misrepresentations made to her by an Agency employee gave rise to appellees' liability
under Â§ 17.46(b)(12) of the Business and Commerce Code. Again in pertinent part, that
statute provides that representation "that an agreement confers or involves rights,
remedies, or obligations which it does not have or involve, or which are prohibited by law"
are included in the term "false, misleading, or deceptive acts or practices" as used in the
DTPA. Tex. Bus. & Com. Code Ann. Â§ 17.46(b)(12) (Vernon Supp. 2004-2005). The
statements giving rise to this argument were statements assertedly made by an employee
of the Agency named "Magdalena" or "Maggy" in a telephone conversation with Avila to the
effect that "there was no problem with my insurance, that everything was being taken care
of." However, even assuming arguendo, that those statements could be considered as a
misrepresentation, Texas courts have held that post-loss misrepresentations are not
misrepresentations of the type that give rise to DTPA Â§ 17.46 actions. Royal Globe Ins.
Co. v. Bar Consultants, Inc., 577 S.W.2d 688, 694-95 (Tex. 1979); Provident Am. Ins. Co.
v. Castaneda, 988 S.W.2d 189, 200 n.55 (Tex. 1990), overruled on other grounds by
Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378 (Tex. 2000) (citing Royal Globe as
distinguishing pre-loss representations which are actionable from post-loss representations
which are not actionable).

 Although Avila cites and relies upon Mendoza v. American Nat'l Ins. Co., 932
S.W.2d 605 (Tex. App.--San Antonio 1996, no writ) and Stumph v. Dallas Fire Ins. Co., 34
S.W.3d 722 (Tex. App.--Austin 2000, no pet.), those cases are distinguishable. In
Mendoza, the representations occurred after both the loss and the purchase of prospective
coverage. That is not the case before us. Stumph v. Dallas Fire Ins. Co. concerned pre-renewal representations, which is also not the case before us as it concerns post-loss
representations as well as the purchase of prospective coverage.

 In final summary, both of Avila's issues are overruled, and the judgment of the trial
court is affirmed.


 John T. Boyd

 Senior Justice

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. Â§75.002(a)(1) (Vernon Supp. 2004).