INDUSTRIAL CONTRACTORS, INC., Appellant,

v.

ALBA TOOL AND SUPPLY COMPANY, INC., Appellee.

No. 1808.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 20, 1978.

Rehearing Denied Nov. 1, 1978.

Michael G. Shirley, Texas City, for appellant.

Ellis F. Morris, W. James Kronzer, Kronzer, Abraham & Watkins, Houston, for appellee.

CIRE, Justice.

This is an appeal from a suit to recover a commission claimed by appellee, Alba Tool, to be due for services rendered in representing appellant, Industrial Contractors, Inc. (hereinafter referred to as I.C.I.) in the sale of certain products. The trial court, sitting without a jury, awarded the claimed commission to Alba Tool. We hold that the contract as written contained certain ambiguities and that parole evidence should have been admitted to establish the intent of the parties. Reversed and remanded.

In October, 1974 I.C.I. entered into a contract with Alba Tool providing that Alba Tool would have the "exclusive right to offer for sale . . . products of the Manufacturer . . . ." In a subsequent paragraph the contract stated that, "Notwithstanding the other provisions hereof, . . . Alba shall be the exclusive agent of Manufacturer to sell such accounts . . . ." In consideration for Alba Tool's promoting such sales "in an aggressive manner," I.C.I. was to pay Alba a commission of five percent of the invoice price of the goods sold in conformity with the terms of the contract. The contract was for a term of two years.

In January, 1976 I.C.I. cancelled the contract with Alba, alleging inadequate representation of I.C.I. and its products. Alba subsequently brought this suit, claiming sales of $602,273.58 and asking for a commission amounting to five percent thereof, or $30,113.67.

I.C.I. defended on the grounds of failure of consideration and ambiguity of the contract in several respects, particularly in the terms "exclusive right to offer for sale," "exclusive agent," and "area of representation." The trial court sustained Alba's objections to testimony regarding these terms based on the parole evidence rule. The trial court also excluded, as speculative, testimony by the president of I.C.I. that all of the disputed sales were a direct result of the sales efforts of I.C.I. and that some were made outside the "area of representation" delineated in the contract.

In its findings of fact and conclusions of law the trial court found that the contract had been entered into by the parties and breached by I.C.I. prior to its termination date; that Alba had made sales in compliance with the contractual agreement; that there was no failure of consideration on Alba's part; and that I.C.I. owed Alba the sum of $30,113.67 plus interest. In so holding the trial court impliedly concluded that the contract was unambiguous. We do not agree.

Appellant urges that the trial court erred in excluding testimony by I.C.I. president Harry W. Beazley which was admissible as parole evidence to explain I.C.I.'s understanding of "area of representation." Under the contract Alba Tool was entitled to commissions on sales made only in the "area of representation" delineated in paragraph

four of the agreement. This paragraph stated in its entirety:

4. AREA OF REPRESENTATION: M. W. Kellogg, Litwin, Fluor Corp.— Houston & L. A., Tellepson, Hydrocarbon Const., S.I.P., Inc., Shell Oil and Chem., T.D.A. Edwards Engr., Dow Badische, American Lurgi, Lurgi Group, Procon, Weatherby Engr., Celanese Corp. Engr.— Houston Division.

As appellant points out, this provision is subject to three interpretations: (1) that "area" includes the Houston division of all listed companies except Fluor, which includes the Houston and L.A. divisions; (2) that it includes the Houston and L.A. divisions of the first three companies and the Houston division of the remaining ones; (3) that it includes the Houston division of Celanese, the Houston and L.A. divisions of Fluor, and the world-wide divisions of the other corporations.

▆▆▆ I.C.I., by way of bill of exception, introduced evidence to the effect that a large percentage of the disputed sales was outside what I.C.I. understood to be the "area of representation". The trial judge, in awarding Alba commissions on all sales, apparently found that the "area of representation" was defined by the third interpretation. The rule in Texas is that "if after applying established rules of interpretation to the contract it remains reasonably susceptible of more than one meaning it is ambiguous . . . ." *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). We hold that paragraph four of the contract is ambiguous as a matter of law and that parole evidence should have been admitted. "[I]f the language of a contract is ambiguous, uncertain, incomplete or inconsistent, evidence is admissible to show the meaning intended by the parties." *Kerr v. Taylor,* 317 S.W.2d 589, 592 (Tex.Civ.App.-San Antonio 1958, error dism'd).

▆▆▆ Appellant further urges that an ambiguity is created by the use of the terms "exclusive right to offer for sale" and "exclusive agency". There is authority that if an agent has an "exclusive right to sell", he is entitled to a commission on all sales, including those made by the principal. An "exclusive agency," on the other hand, will not preclude the principal from making sales himself, and the agent is entitled to no commissions from such sales. *Dallas Electric Supply Co. v. Branum Co.,* 143 Tex. 366, 185 S.W.2d 427, 430–31 (1945). Appellee contends that when the two terms are used in the same document, "exclusive right to sell" controls. *Lewis v. Smith,* 198 S.W.2d 598 (Tex.Civ.App.-Fort Worth 1946, error dism'd). It appears to us, however, that in the context of the present case these terms create an ambiguity, particularly when they are considered in connection with the "area of representation" provision discussed above. If the parties indeed intended the contract to be an "exclusive right to sell", as appellee contends, then Alba would have been entitled to a 5% commission on every sale made by I.C.I. to the listed companies, whether or not Alba had participated in the sale. Under the trial judge's interpretation of area of representation, Alba would also collect a commission on such sales made by I.C.I. on a world-wide basis.

We believe that these terms, when viewed in this light, create an ambiguity as a matter of law, and that the trial judge should have resolved the ambiguity by admitting the excluded testimony in order to ascertain the intent of the parties. *Kerr v. Taylor, supra; Hart v. Light & Jones,* 245 S.W.2d 671 (Comm'n App.1922—jdgmt. adopted).

Because this case must be remanded to the trial court, we do not reach appellant's other points of error.

Reversed and remanded.