**ALBA TOOL AND SUPPLY COMPANY, INC., Petitioner,**

v.

**INDUSTRIAL CONTRACTORS, INC., Respondent.**

No. B–8075.

Supreme Court of Texas.

July 18, 1979.

Rehearing Denied Sept. 19, 1979.

McGEE, Justice.

Alba Tool & Supply, Inc. (Alba) brought this action against Industrial Contractors, Inc. (I.C.I.) to recover commissions under a contract. The principal issue is whether the contract is ambiguous so that parol evidence may be admitted to ascertain its meaning. The trial court excluded all parol evidence, and rendered judgment that Alba recover the commissions prayed for. The court of civil appeals reversed the judgment, holding the contract to be ambiguous, and remanded the cause for admission of the parol evidence. 572 S.W.2d 366. We are of the opinion that the contract is clear and unambiguous. Accordingly, the judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

In 1974 Alba and I.C.I. entered into a two-year contract whereby Alba would have the exclusive right to offer for sale, within a certain area of representation, the products of I.C.I.[1] In exchange for Alba's "aggressive" promotion of sales, I.C.I. was to pay Alba a commission of five percent of the invoice price. The area of representation was defined in paragraph 4 as follows:

4. AREA OF REPRESENTATION: M. W. Kellogg, Litwin, Fluor Corp.— Houston & L.A., Tellepsen, Hydrocarbon Const., S.I.P., Inc., Shell Oil & Chem., T.D.A. Edwards Engr., Dow Badische, American Lurgi, Lurgi Group, Procon, Weatherby Engr. Celanese Corp. Engr.— Houston Division.

A sentence in paragraph 10, pertaining to new accounts within Alba's area of representation, further provided that: " . . . Alba shall be the exclusive agent of Manufacturer [I.C.I.] to sell such account and its subsidiaries and affiliates."

I.C.I. subsequently cancelled the contract because, in its opinion, Alba had failed to adequately promote the sales of its products. Alba, in turn, brought this action,

Morris & Lester, Inc., Houston, Kronzer, Abraham & Watkins, W. James Kronzer, Houston, for petitioner.

Shirley, Shirley & Mackey, Michael G. Shirley, Texas City, for respondent.

1. Paragraph 2 of the contract specifically provides:

2. Alba shall have the (exclusive) ~~(non-exclusive)~~ and ~~(transferable)~~ ~~(non-transferable)~~ right to offer for sale within the Area of Representation defined below products of the Manufacturer . . . .

The word "non-exclusive" and others were lined through and initialed by the parties to the contract.

claiming a five percent commission in the amount of $30,113.67. I.C.I. defended on the grounds of failure of consideration and ambiguities in the contract.

Trial was to the court. The trial court excluded the testimony of I.C.I.'s president to explain the company's understanding of the disputed terms, and rendered judgment that Alba recover the commissions prayed for. Findings of fact and conclusions of law were entered that I.C.I. breached the contract prior to its termination date, that Alba had made sales in compliance with the contractual agreement, and that there was no failure of consideration on Alba's part.

■ The court of civil appeals reversed the judgment of the trial court, and held the contract to be ambiguous in two respects. First the contractual definition of the area of representation was ambiguous as to which companies were limited to certain area divisions.[2] Second, the use of the terms "exclusive right to offer for sale" and "exclusive agent" in the same contract created an ambiguity, "particularly when . . considered in connection with the 'area of representation' provision . . .." 572 S.W.2d at 368. We granted Alba's application for writ of error.

Alba first contends that the court of civil appeals erred in holding that the area of representation paragraph was reasonably susceptible to more than one meaning. We agree. The rule is that "if a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous." *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 517, 243 S.W.2d 154, 157 (Tex.1951) (quoting *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 154, 146 S.W.2d 977, 980 (1941); *Wynnewood State Bank v. Embrey*, 451 S.W.2d 930, 932 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.).

A fair reading of the paragraph does not indicate that representation is limited to the Houston division of all companies except Fluor, which includes only the Houston and L.A. divisions. Nor does a fair reading reveal that representation is limited to the Houston and L.A. divisions of the first three companies and the Houston division of the remaining ones. Such interpretations would require us to ignore the punctuation used by the parties and would further require us to insert additional words of limitation that were not employed. Instead, a plain reading, as punctuated by dashes and commas, reveals that the only limits as to areas of representation are in reference to Fluor Corp. and Celanese Corp. Representation to Fluor is limited to "Houston and L.A." and representation to Celanese Corp. is limited to the "Houston Division." Representation to the other listed companies is unlimited.

■ Alba next attacks the court of civil appeals holding that the use of the terms "exclusive right to offer for sale" and "exclusive agent" in the same contract creates an ambiguity. At the outset we recognize that there is a distinction between an "exclusive agency" and an "exclusive right to sell." *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 372, 185 S.W.2d 427, 430–31 (1945). In an exclusive agency, the principal has a right to sell without the payment of a commission to the agent. Under an exclusive right to sell, the principal must pay a commission to the agent regardless of the fact that the principal has arranged the sale of the product. *Id.* at 430–31.

We do not believe, however, that the use of both terms in the same instrument creates an ambiguity. In *Lewis v. Smith*, 198 S.W.2d 598 (Tex.Civ.App.—Fort Worth 1946, writ dism'd), Smith was appointed

---

2. The court of civil appeals agreed with I.C.I. that the area of representation paragraph was *subject to* the following interpretations:

(1) that "area" includes the Houston division of all listed companies except Fluor, which includes the Houston and L.A. divisions;

(2) that it includes the Houston and L.A. divisions of the first three companies and the Houston division of the remaining ones;

(3) that it includes the Houston division of Celanese, the Houston and L.A. divisions of Fluor, and the world-wide divisions of the other corporations.
572 S.W.2d at 368.

"exclusive agent" and was also given the "exclusive right to sell said property." The court concluded that the contract was clear and unambiguous. It stated:

> [The contract] did more than merely name plaintiffs as defendant's "exclusive agents" but plainly gave them "the exclusive right to sell said property" during the life of the contract. . . . [W]hen, as in this case, the contract grants exclusive agency and "the exclusive right to sell" along with a promise to pay the commission in case of a sale being made, the owner may not sell to any person, during the life of the contract, whether produced by the agent or not, without incurring liability to the agent for brokerage under the contract.

*Id.* at 600.

Although the court of civil appeals in the present case took notice of the rule in the *Lewis* case, it held that the use of both terms in the instant contract created an ambiguity, "particularly when they are considered in connection with the 'area of representation' provision . . . ." As aforementioned, we do not believe that the area of representation paragraph is ambiguous; nor do we believe that it creates an ambiguity when read with other parts of the contract. Both parties, by handwritten lines and initials at the beginning of the contract, made clear their intent that Alba was to have an exclusive right to sell. *See Southland Royalty Co. v. Pan American Petroleum Corp.*, 378 S.W.2d 50, 57 (Tex.1964) (court must give effect to handwritten provisions over printed provisions); *McMahon v. Christmann*, 157 Tex. 403, 407, 303 S.W.2d 341, 344 (1957). Since we hold that there was no ambiguity in the contract, it was not error to exclude the testimony of I.C.I.'s president to explain the company's understanding of the disputed terms.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

Dissenting Opinion by BARROW, J., in which GREENHILL, C. J., joins.

BARROW, Justice, dissenting.

I respectfully dissent.

I agree with the holding of the court of civil appeals that the contract in question is ambiguous.

GREENHILL, C. J., joins in this dissent.