**QUANTUM CHEMICAL CORPORATION,**
Appellant,

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Harris County Appraisal Review Board, Harris County, and Deer Park Independent School District, Appellees.**

No. 01–96–00203–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 1, 1997.

Opinion on Rehearing Aug. 14, 1997.

George W. Vie, III, Galveston, for Appellant.

Peter W. Low, Austin, Valerie Millholland, Michael P. Flemming, Kenneth Wall, Houston, for Appellees.

Before NUCHIA, COHEN and ANDELL, JJ.

### OPINION

NUCHIA, Justice.

In this appeal, we are asked to determine if appellant, Quantum Chemical Corporation, was entitled to an abatement of its ad valorem property taxes for tax year 1994. All of the parties moved for summary judgment. The trial court rendered summary judgment for appellees, the Harris County Appraisal District, Harris County Appraisal Review Board, Harris County, and the Deer Park Independent School District, and denied Quantum's motion for new trial. In seven points of error, Quantum contends the trial court erred in denying its motion for summary judgment against all of the appellees, denying its motion for new trial, and in granting each of the appellees' motions for summary judgment. We affirm.

## Background and Procedural History

Quantum intended to build a new $400 million ethylene production plant somewhere on the Gulf Coast. While deciding on the building site, Quantum met with Harris County officials and civic leaders. One of the factors in its decision was the promise of a five-year ad valorem tax abatement on the improvements it made to the land it purchased. Quantum entered into identical tax abatement agreements with Harris County and the Deer Park Independent School District. The disputed portion of the agreements provides:

> This tax abatement shall be effective with[*] the January 1 valuation date immediately following the date of execution of this Agreement. One hundred percent (100%) of the value of New Eligible Properties shall be abated for up to two (2) years during the period of Construction Phase and for the next three (3) full tax years thereafter. If the period of Construction Phase exceeds two (2) years, the facility shall be considered completed for purposes of abatement, and in no case shall the period of abatement inclusive of construction and completion exceed five (5) years. This abatement shall also cover as New Eligible Property those supplemental improvements to the New Eligible Property that are added or constructed during the post-construction phase three (3) year period of abatement. In no event, however, shall the total abatement period for such improvements exceed the five (5) year period for the entire project as specified herein.

Deer Park signed its agreement with Quantum on November 21, 1988. Harris County signed its agreement with Quantum on December 6, 1988. Quantum signed both agreements on December 16, 1988 and returned signed copies to the other parties. After the county sent a tax assessment notice to Quantum in 1994, Quantum applied for a 1994 property tax exemption. The exemption was denied by the appraisal district, and the denial was upheld by the review board. Quantum appealed the denial to the district court. Quantum also filed a declaratory judgment action against the county and the school district seeking a declaration of its right to an abatement of ad valorem taxes for tax year 1994. Quantum later added causes of action for unjust enrichment, quantum meruit, and promissory estoppel. When the trial court rendered summary judgment for all of the taxing entities, it severed these new causes of action making the interlocutory order final and appealable.

## Summary Judgment

■ A party may not appeal denial of its motion for summary judgment unless both parties have moved for summary judgment, and one motion is granted while the other is overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) We consider the denial if appellant complains of both the granting of appellee's motion and the denial of its own. *Id.* We may then resolve the entire case, including rendering appropriate judgment. *Utica Nat'l Ins. Co. v. Fidelity & Cas. Co.,* 812 S.W.2d 656, 658–59 (Tex.App.—Dallas 1991, writ denied). Quantum has complained of the disposition of all motions, permitting review by this Court.

Rule 166a(c) entitles a movant to summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer...." TEX.R. CIV. P. 166a(c). Ordinarily, a party appealing from the granting of summary judgment argues that a genuine issue of material fact exists. *See, e.g., Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). However, the parties in this case do not argue the existence of a fact issue. The issue before us is whether the trial court properly construed the agreements between the parties and determined as a matter of law that Quantum was not entitled to tax abatement in 1994.

## Construction of the Agreements

■ This court's construction of the agreements governs the resolution of all points of error. Quantum argues the agreements were ambiguous. We do not agree. That the parties dispute the meaning of a contract does not render it ambiguous. *Pierce v. Benefit Trust Life Ins. Co.,* 784 S.W.2d 516,

518 (Tex.App.—Amarillo 1990, writ denied). The terms of the agreements are easily understood from the plain meaning of the words. Nothing is unclear about the provisions. If a written contract is worded so that we may give it a certain legal meaning, it is not ambiguous. *Alba Tool & Supply Co. v. Industrial Contractors, Inc.,* 585 S.W.2d 662, 664 (Tex.1979); *Hill Constructors, Inc. v. Stonhard, Inc.,* 833 S.W.2d 742, 745 (Tex. App.—Houston [1st Dist.] 1992, writ denied). If we determine a contract is not ambiguous, we construe its meaning as a matter of law. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex.1968).

■ The agreement states the abatement would take effect on the January 1 valuation date immediately following the execution date. The execution date for both agreements was December 16, 1988. Accordingly, the abatement took effect on January 1, 1989. Taxes were abated for up to two years while the plant was being constructed; if construction wasn't actually completed within two years, it was treated as if it were. Taxes were abated in 1989 and 1990. Then, three years of post-construction abatement was specified. Taxes were abated in 1991, 1992, and 1993. Finally, an overall limit of five years abatement was included. At most, abatement under the agreements could be granted for tax years 1989, 1990, 1991, 1992, and 1993; it was. Accordingly, Quantum possessed no additional entitlement to abatement of, or exemption from, taxes for tax year 1994.

Quantum argues the agreement could easily have specified an expiration date of December 31, 1993 had that been the intention of the drafters. However, Quantum could have signed the agreement in January 1989 instead of December 1988. Had it done so, and had construction taken two years or more, the "expiration date" would have been December 31, 1994. Although Quantum argues tax year 1989 should not have been counted as the first year of abatement because it did not begin construction until 1990,

that is contrary to the terms of the contract. That there were no improvements, thus no increased value upon which to abate taxes, is irrelevant.[1] Nor are we persuaded that the definition of the construction phase—a period beginning with "material and substantial improvement of the property representing a separate and distinct construction operation undertaken for the purpose of erecting the new plant"—altered the initial year of the abatement. Rather, it distinguished new improvements, upon which taxes would be abated, from existing property improvements, for which taxes were still due.

We conclude the abatement took effect on January 1, 1989, the January 1 valuation date immediately following the execution date of December 16, 1988. We hold Quantum was entitled to a maximum of five years of abatement: 1989 through 1993. We further hold Quantum was not entitled to tax abatement or exemption in 1994.

We overrule all points of error.

We affirm the judgment.

## OPINION ON MOTION FOR REHEARING

Appellant, Quantum Chemical Corporation, has filed a motion for rehearing asking this Court to (1) reverse and remand in accordance with a settlement agreement it has reached with appellee Deer Park Independent School District and (2) reconsider our original ruling affirming the judgment in favor of the other appellees.

We sustain the first point on rehearing, reverse the judgment against Deer Park Independent School District, and remand that part of the cause to the trial court.

We overrule the second point of error on rehearing and affirm the judgment as to all other parties.

---

1. Theoretically, Quantum could have begun construction in December, 1988, and completed it in 1989. If so, the tax abatement period would have dropped to four years: one for the year of construction plus three years post-construction. This may be an additional reason that the agreements specified a limit of five years without identifying a specific termination date.