Affirmed and Memorandum Opinion
filed March 8, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00809-CV



Ben Silva, Appellant 

v.

Reliant Energy
Power Generation, Inc., Appellee 



On Appeal from
the 11th District Court

Harris County, Texas

Trial Court
Cause No. 2008-45068



 

MEMORANDUM OPINION 

The owner of an energy-equipment brokerage business
challenges the trial court’s summary judgment dismissing his claims against an
equipment seller.  We affirm.

I.  Factual and Procedural Background

Appellant Ben Silva, the owner of an energy-equipment
brokerage business, brought suit against appellee Reliant Energy Power
Generation, Inc. seeking to recover a commission that Reliant allegedly owed
him under a Turbine Brokerage Agreement executed in August 2007 (“Agreement”). 
Under this agreement, Reliant appointed Silva as its agent to promote and
assist in the sale of certain turbines (“Equipment”), and the parties agreed
that Silva would be entitled to a commission under certain circumstances.  During
the term of this agreement, Reliant sold the Equipment to Turbine Energy Solutions,
LLC.  Silva sought a commission based upon this sale and sent an invoice to
Reliant.  Rejecting the invoice, Reliant refused to pay Silva any commission.

Silva sued Reliant seeking to recover a commission
under the Agreement and asserting that Reliant breached this contract.[1]  Reliant
moved for summary judgment asserting that, as a matter of law, certain conditions
precedent to Silva’s recovery of a commission had not been satisfied.  In
support of its summary-judgment motion Reliant attached the Agreement and excerpts
from Silva’s deposition testimony.  Reliant also asserted that there was no
evidence that the conditions precedent to Silva’s recovery of a commission under
the Agreement had been satisfied or waived.  In response, Silva moved for a
continuance of the summary-judgment hearing, claiming he needed to obtain documents
from Turbine Energy pertaining to the sale of the Equipment as well as
testimony from the president of Turbine Energy.  Nonetheless, Silva filed a
summary-judgment response and attached summary-judgment evidence.  

The trial court granted Reliant’s summary-judgment
motion and rendered a take-nothing judgment against Silva.  On appeal, Silva
asserts that the trial court should have granted his motion to continue the
summary-judgment hearing so that he could obtain additional discovery.  In
addition, Silva challenges the trial court’s summary judgment in favor of
Reliant as to Silva’s breach-of-contract claim.  

II. Standards of Review

In a traditional motion for summary judgment, if the movant’s
motion and summary-judgment evidence facially establish its right to judgment
as a matter of law, the burden shifts to the nonmovant to raise a genuine,
material fact issue sufficient to defeat summary judgment.  M.D. Anderson
Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  In
reviewing a no-evidence summary judgment, we ascertain whether the nonmovant
pointed out summary-judgment evidence raising a genuine issue of fact as to the
essential elements attacked in the no-evidence motion.   Johnson v. Brewer
& Pritchard, P.C., 73 S.W.3d 193, 206B08
(Tex. 2002).  In our de novo review of a trial court’s summary judgment, we
consider all the evidence in the light most favorable to the nonmovant,
crediting evidence favorable to the nonmovant if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  Mack Trucks,
Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a
genuine issue of fact if reasonable and fair-minded jurors could differ in
their conclusions in light of all of the summary-judgment evidence.  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  When, as
in this case, the order granting summary judgment does not specify the grounds
upon which the trial court relied, we must affirm the summary judgment if any
of the independent summary-judgment grounds is meritorious.  FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  

III. Analysis

A.        Denial of Continuance

            Silva
asserts that the trial court erred in denying his motion for a continuance.  
Silva has not provided any legal authorities in support of this argument.  We
conclude that Silva has failed to adequately brief his contention that the
trial court erred in denying his motion for continuance.  Therefore, Silva has
waived this complaint.  See Tex.
R. App. P. 38.1(i); San Saba Energy, L.P. v. Crawford, 171 S.W.3d
323, 338 (Tex. App.CHouston
[14 Dist.] 2005, no pet.) (holding that, even though courts interpret briefing
requirements reasonably and liberally, parties asserting error on appeal still
must put forth some specific argument and analysis citing the record and
authorities in support of the parties’ argument).   Accordingly, we overrule
Silva’s challenge to the trial court’s denial of his motion for continuance.[2]

B.        Summary Judgment as to the
Contract Claim

Reliant sought summary judgment on the ground that
the conditions precedent for Silva’s recovery of a commission had not been
satisfied as a matter of law.  Reliant asserted that Turbine Energy was not a “Broker’s
Buyer” as defined in the Agreement.  In pertinent part, the Agreement provides
as follows:

This
is an exclusive agreement.  Notwithstanding such exclusivity, this Agreement does
not preclude [Reliant] from selling the Equipment to any of the parties, or affiliates
of the parties set forth in Exhibit 2 without any consent of or obligations to
[Silva]. As such, [Reliant] shall be free and without any obligations to [Silva]
to advertise, market, solicit, enter into contracts or engage in negotiations with the parties
set forth In exhibit 2 or their affiliates regardless of geographical location,
and shall be free to consummate a transaction on the sale of the Equipment
worldwide with anybody at any time Without notifying [Silva].

 

.
. .

 

[Silva’s]
responsibilities under this Agreement shall be to use diligent efforts to secure
prospective buyers for the Equipment as further set forth in Exhibit 3. A
prospective buyer who (i) is first identified to [Reliant] by [Silva] and (ii)
with whom [Reliant] subsequently signs a confidentiality agreement and engages
in negotiations on the sale of the Equipment shall be deemed to be a Broker’s
buyer (the “Broker’s
Buyer”).
For the avoidance of doubt, the parties set forth in Exhibit 2 have directly or
through [Reliant’s] other brokers discussed the purchase of the Equipment with
[Reliant] and such parties shall in no event be deemed a Broker’s Buyer. For
purposes of registering the Broker’s Buyers under this Agreement, [Silva] shall
submit to [Reliant] in writing the name, address, and contact information of
Broker’s Buyer as well as information pertaining to the project for which the
Equipment is being considered.  In addition, [Silva] shall take reasonable
measures to review such project and qualifications of Broker’s Buyer to determine
the ability of Broker’s Buyer to close the Transaction.

 

.
. .

 

Upon
closing and funding of the Transaction with a Broker’s Buyer, which shall be deemed
to have occurred when (i) [Reliant] has received from the Broker’s Buyer payment
representing the full purchase price for the Equipment (the “Closing”), and (ii)
circumstances referred to in (i) preceding shall have occurred prior to the
expiration of the Term of this Agreement, [Silva] shall have a right to receive
from [Reliant] and [Reliant] shall be liable to pay to [Silva] a commission
(the “Brokerage Fee”), payable as described below.  In this connection, it is
understood that each of the circumstances respectively referred to in (i) and (ii)
of the preceding

sentence
shall constitute a condition precedent to the obligation ·of [Reliant] to pay
[Silva] the Brokerage Fee; and, accordingly, in the absence of the fulfillment
of any one or more of such conditions precedent, [Reliant] shall have no
liability to [Silva] for any amount irrespective of why any one or more of the aforesaid
circumstances constituting such condition precedent may not have been fulfilled
including, without limitation, defects in title or default of the buyer or default
of [Reliant].   The Brokerage Fee shall be the sole compensation of [Silva] for
the services rendered in connection with consummation of the Transaction with
the Broker’s Buyer.

 

The
Brokerage Fee shall be paid in US$ in the amount of two percent (2.0%) of the full purchase price for the
Equipment received by [Reliant] from a Broker’s Buyer.  For example should the
full purchase price for the Equipment be Thirty Million Dollars, [Silva] will
receive Six Hundred Thousand Dollars ($600,000.00) as the Brokerage Fee.  The
Brokerage Fee will be paid within ten (10) working days after satisfaction of
all conditions precedent and [Reliant’s] receipt of the invoice from [Silva] for
the Brokerage Fee.

 

.
. .

 

It
is clearly understood by the Parties that neither the Brokerage Fee nor any
other compensation or reimbursement of any kind shall be payable by [Reliant]
to [Silva] if the Closing on the Transaction does not occur.

In construing contracts, our primary concern is to ascertain and give effect to the intentions of the parties as expressed in the
contract.  Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462,
464 (Tex. 1998).  To ascertain the parties’ true intentions, we examine the
entire agreement in an effort to harmonize and give effect to all provisions of
the contract so that none will be rendered meaningless.  MCI Telecomms.
Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647, 652 (Tex. 1999).  Whether a
contract is ambiguous is a question of law for the court.  Heritage Res.,
Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex.  1996).  A contract is
ambiguous when its meaning is uncertain and doubtful or is reasonably
susceptible to more than one interpretation.  Id.  But, when a written
contract is worded so that it can be given a certain or definite legal meaning
or interpretation, it is unambiguous, and the court construes it as a matter of
law.  Am.  Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex.
2003).   We cannot
rewrite the Agreement or add to its language under the guise of
interpretation.  See American Mfrs. Mut. Ins. Co., 124 S.W.3d at
162.  Rather, we must enforce the Agreement as written.  See Royal Indem.
Co. v. Marshall, 388 S.W.2d 176, 181 (Tex. 1965).  

Under
the Agreement’s unambiguous language, Silva is not entitled to any compensation
from Reliant unless the Equipment is sold to a “Broker’s Buyer,” a term defined
as “[a] prospective buyer who (i) is first identified to [Reliant] by [Silva]
and (ii) with whom [Reliant] subsequently signs a confidentiality agreement and
engages in negotiations on the sale of the Equipment.”  As a matter of law,
Silva was not entitled to any compensation under the Agreement unless the
Equipment was sold to a buyer who was first identified to Reliant by Silva.  Silva
testified at his deposition that Turbine Energy was not a contact that was
first identified to Reliant by Silva, and the summary-judgment evidence proves
this proposition as a matter of law.[3] 
The summary-judgment evidence established as a matter of law that Reliant sold
the Equipment to Turbine Energy and that Turbine Energy was not a “Broker’s
Buyer.”  Therefore, Silva was not entitled to any compensation under the
Agreement as a matter of law, and the trial court correctly granted summary
judgment as to Silva’s breach-of-contract claim.  See SAS Institute, Inc. v.
Breitenfeld, 167 S.W.3d 840, 841–42 (Tex. 2005) (enforcing unambiguous
provisions of commission contract as a matter of law on summary juidgment) (per
curiam).

  
Silva asserts that the Agreement was “an exclusive agreement.”  But, a
statement in the Agreement that it is exclusive does not, by itself, mean that
Silva is entitled to a commission upon any sale of the Equipment, even to a
buyer that Silva has not identified.  See Alba Tool & Supply Co. v.
Industrial Contractors, Inc., 585 S.W.2d 662, 664–65 (Tex. 1979).  The fact
that a person is an exclusive agent, by itself, does not deprive the principal
of the right to sell without paying a commission to the agent.  See id. 
This court must give effect to the unambiguous language of the Agreement as to
whether Silva is entitled to compensation under the Agreement, and Silva’s
status as an exclusive agent does not alter the unambiguous language requiring
a sale to a “Broker’s Buyer” before Silva is entitled to any compensation under
the Agreement.  

Silva
also notes two sentences in the Agreement, in which the parties state that
Reliant can sell the Equipment to any entity listed on Exhibit 2 or any of their
affiliates, without any obligation to Silva.  Silva asserts that this part of
the Agreement reflects the parties’ agreement that Silva will be compensated on
sales to any entity other than an entity listed on Exhibit 2 or an affiliate of
such an entity.  Turbine Energy is not listed on Exhibit 2, and there is no
evidence that it is an affiliate of any entity listed on that exhibit.  But,
stating that Reliant can sell to certain entities without owing any
compensation to Silva does not necessarily mean that Reliant must pay
compensation to Silva upon a sale to any other entity.  The part of the
Agreement dealing with the “Brokerage Fee” unambiguously states that (1) Silva
is not entitled to any compensation from Reliant unless the Equipment is sold
to a “Broker’s Buyer”; (2) the foregoing requirement is a condition precedent
to Reliant’s obligation to pay Silva a “Brokerage Fee”; (3) absent fulfillment
of this condition precedent, Reliant shall have no liability to Silva; and (4)
it is clearly understood by the parties that neither the “Brokerage Fee” nor
any other compensation of any kind shall be payable by Reliant to Silva if the “Closing”
does not occur, and this “Closing” is defined as a closing of a transaction
with a “Broker’s Buyer.”  The statement that Reliant did not have to pay a “Brokerage
Fee” if it sold to certain specified entities did not change or conflict with the
condition precedent that the Equipment be sold to a “Broker’s Buyer” before
Reliant owed Silva any compensation.

Silva
also notes that, in the Equipment Purchase and Sale Agreement between Reliant
and Turbine Energy, Reliant represented to Turbine Energy that, except for
Silva, Reliant had not employed any broker in connection with the sale of the
Equipment, and Reliant indemnified Turbine Energy against any claim by Silva
for compensation.  Silva correctly quotes this contract; however, Silva is not
a party to that contract and he has not sought to recover under that contract. 
In addition, the cited language does not state that Reliant owed or would owe
Silva any compensation based on the sale of the Equipment to Turbine Energy.  

Silva
also asserts arguments regarding the parties’ intent based on draft agreements
and proposals from before the execution of the Agreement.  The Agreement is an
unambiguous contract, which we enforce as written, and parol evidence, such as
that cited by Silva, cannot be used to create an ambiguity or to give the
Agreement a meaning different from that which its language imports.  See
David J. Sacks, P.C. v. Haden, 266 S.W.3d 447, 450–51 (Tex. 2008) (per
curiam).  

Under
the applicable standards of review, Reliant was entitled to summary judgment as
to Silva’s contract claim under both its traditional and no-evidence grounds. 

Having
addressed all of Silva’s arguments, we overrule his appellate issue and affirm
the trial
court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Frost, and Brown.









[1] Silva also
pleaded a promissory-estoppel claim.  Reliant asserted traditional and
no-evidence grounds for summary judgment against both of Silva’s claims. But
Silva did not address Reliant’s arguments pertaining to promissory estoppel in
responding to the summary-judgment motion, nor does Silva challenge on the
appeal the trial court’s dismissal of his promissory-estoppel claim. 
Therefore, we do not address promissory estoppel in this opinion.





[2] Even if we
were to address the merits of this issue, we would conclude the trial court did
not abuse its discretion by denying Silva’s motion for continuance. 





[3] Silva also
testified that he did not register Turbine Energy as a “Broker’s Buyer” and
that Reliant had contacted Turbine Energy on its own.