COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| PETERSON, GOLDMAN & VILLANI, INC. | § | |
| Appellant, | § | No. 08-12-00135-CV |
| v. | § | Appeal from the |
| ANCOR HOLDINGS, L.P. TIMOTHY MCKIBBEN, JOSEPH RANDALL KEENE, AND ANCOR CAPITAL PARTNERS, INC.,[1] | § | 141st Judicial District Court |
| | § | of Tarrant County, Texas |
| | § | (TC#141-23625709-09) |
| Appellees. | § | |

## O P I N I O N

This case concerns a guaranty agreement executed by a limited liability company no longer in existence because of its merger with a similarly-named limited partnership. The issue is whether Appellant—owner of the guaranty—may hold Appellees—the limited partnership and its members—liable for satisfaction of a judgment awarded against the limited liability company.

---

[1] We note that one of the Appellees has been inconsistently identified throughout these proceedings. In their appellate brief, Appellees identify themselves as Ancor Holdings, LP, Timothy McKibben, Joseph Randall Keene, and *Ancor Capital Partners, Inc*. But in their first amended answer and in their motions for summary judgment, Appellees identified themselves as Ancor Holdings, LP, Timothy McKibben, Joseph Randall Keene, and *Ancor Partners, Inc.* None of the parties, however, has raised an issue regarding the proper identity of the Appellees. Accordingly, we need not concern ourselves with the apparent incongruity between Ancor Capital Partners, Inc. and Ancor Partners, Inc.

The trial court granted a take-nothing summary judgment in favor of Appellees. We affirm, in part, and reverse and remand, in part.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2000, Ancor Holdings LLC (Ancor LLC) executed a guaranty agreement in favor of Bank of America. The agreement prohibited Ancor LLC from merging or consolidating with any other company unless Ancor LLC was the survivor and further provided that Ancor LLC could not change its legal structure without Bank of America's permission. When Ancor LLC failed to pay the guaranty, Peterson, Goldman & Villani, Inc. (PGV)—as successor to Bank of America—sued Ancor LLC in Dallas County in February 2004. After three years of arbitration, PGV obtained a judgment in May 2008 confirming the arbitrator's award against Ancor LLC.

In July 2008, PGV discovered that—unbeknownst to it and Bank of America and in breach of the guaranty—Ancor LLC had merged with Ancor Holdings L.P. (Ancor LP) approximately eight years earlier. The Agreement and Plan of Merger between Ancor LLC and Ancor LP provides that Ancor LP, as the surviving entity, "shall assume all the liabilities of every kind and description of [Ancor LLC] and [Ancor LP]."

Consequently, PGV moved to modify the judgment to include Ancor LP as the judgment debtor on grounds of misnomer. Ancor LLC opposed the motion, arguing that a misidentification, rather than a misnomer had occurred, because Ancor LLC and Ancor LP were two separate, distinct entities. The trial court denied PGV's motion but modified the judgment for reasons not relevant to this appeal. Both Ancor LLC and PGV timely appealed the trial court's modified final judgment to the Dallas Court of Appeals.

2

While that judgment was being appealed, PGV sued Ancor LP and Ancor LP's members, Timothy McKibben, Joseph Randall Keene, and Ancor Partners, Inc., in September 2008 for satisfaction of the judgment awarded against Ancor LLC.[2]  Appellees asserted *res judicata* and limitations as defenses.  In its third amended petition filed in March 2010, PGV sought a declaratory judgment that Appellees were liable for the judgment awarded against Ancor LLC and brought various causes of action sounding in tort and contract.  Appellees responded by filing an amended motion for summary judgment in which they argued that all of PGV's claims in its third amended petition were barred by limitations and by *res judicata* and that PGV's tort claims, alter ego claims, and claims for estoppel, conspiracy, and punitive damages failed for other reasons.

After responding to this motion, PGV filed a fourth amended petition.  Once more, PGV sought a declaratory judgment that Appellees were bound by the judgment against Ancor LLC and, once again, brought causes of action sounding in tort and contract.  In conjunction with this petition, PGV moved for partial summary judgment on its declaratory-judgment and breach-of-contract claims against Ancor LP.  In this motion, PGV asserted Ancor LP was liable for the judgment awarded against Ancor LLC because Ancor LP had assumed all of Ancor LLC's liabilities.  Appellees countered by filing a supplement motion for summary judgment in which they argued that PGV's declaratory-judgment and breach-of-contract claims premised on the assumption-of-liability theory were barred by limitations and *res judicata*.

---

[2] Ancor Capital, Inc. was not initially named a defendant, but was subsequently added as one.

3

The trial court—without stating its reasons for doing so—denied PGV's motion for partial summary judgment, granted Appellees' amended motion for summary judgment and supplemental motion for summary judgment, and dismissed PGV's claims with prejudice.

## STANDARD OF REVIEW

We review a trial court's decision to grant summary judgment *de novo*.[3]  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  To prevail on summary judgment, a movant must prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* TEX.R.CIV.P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).  In deciding whether the movant met its burden, we construe all evidence favorable to the non-movant as true, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor.  *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  Because *res judicata* and limitations are affirmative defenses, Appellees were required to establish all of the elements of these defenses as a matter of law.  TEX.R.CIV.P. 94; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979).

### *RES JUDICATA*

In its first issue, PGV argues that "[Appellees] have not met the elements of res judicata." Appellees contend that PGV's claims in its fourth amended petition are barred by *res judicata* because the claims "were brought, or could have been brought, in the original Dallas Suit."

---

[3] PGV complains only of the trial court's decision granting Appellees' motions.  We thus do not address the trial court's denial of PGV's motion for partial summary judgment.  *Quantum Chem. Corp. v. Harris County Appraisal Dist.*, 962 S.W.2d 50, 51 (Tex.App.--Houston [1st Dist.] 1997, no writ)("We consider the denial if appellant complains of both the granting of appellee's motion and the denial of its own.").

According to Appellees, the issue of which party was liable under the guaranty was settled in the first action because the trial court's judgment imposing liability upon Ancor LLC and denying PGV's request to substitute Ancor LP as the liable party was affirmed in *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818 (Tex.App.--Dallas 2009, no pet.). In affirming the judgment, the Dallas Court of Appeals overruled PGV's cross-appeal concerning the trial court's failure to include Ancor LP as a judgment debtor. *Id*. at 834. The court concluded that Ancor LLC and Ancor LP were two separate, distinct entities and that, because Ancor LP was not served, it could not be included as a judgment debtor. *Id*. But whether the second action is based on the same claims that were raised or could have been raised in the first action does not end our inquiry. As we noted above, Appellees bore the burden to establish all elements of *res judicata* as a matter of law. This they failed to do.

### *Applicable Law*

*Res judicata*, also known as claim preclusion, prevents re-litigation of a claim that has been finally adjudicated or that arises from the same subject matter and should have been litigated in a prior suit. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). It applies when: (1) there is a prior final determination on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action. *Id*.

### *Discussion*

In their summary judgment motions, Appellees never addressed whether—much less established that—the parties in this action are the same or in privity with those in the first action.

5

Indeed, Appellees asserted in their motions for summary judgment that Ancor LP was not a party to the judgment in the first action. Appellees thus failed to establish that *res judicata* applied to the claims brought by PGV in this action. Accordingly, the trial court erred in granting summary judgment on this basis.

PGV's first issue is sustained.

## LIMITATIONS AND JUDICIAL ESTOPPEL

In its second issue, PGV asserts that Appellees are judicially estopped from asserting limitations as a defense because their current position—that Ancor LLC did not exist as an independent entity following its merger with Ancor LP—is inconsistent with their previous successful one—that Ancor LLC and Ancor LP were separate and distinct entities. We agree.

### *Applicable Law*

"The doctrine of judicial estoppel 'precludes a party from adopting a position inconsistent with one that it maintained successfully in an earlier proceeding.'" *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008). As "a rule of procedure based on justice and sound public policy[,] . . . [i]ts essential function 'is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage.'" *Id.* [Internal citations omitted]. For the doctrine to apply, the following elements must be present: (1) a sworn, inconsistent statement made in a previous judicial proceeding; (2) the party who made the statement successfully maintained the previous position; (3) the previous statement was not made inadvertently or by mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *In re Estate of Huff*, 15 S.W.3d 301, 309 (Tex.App.--Texarkana 2000, no pet.).

6

*Discussion*

Appellees are judicially estopped from asserting limitation as an affirmative defense in this case.

Appellees prevailed in the first action by asserting a position contrary to that asserted in this action. As illustrated by *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, Appellees argued successfully in the previous litigation that Ancor LP was not liable for satisfaction of the judgment awarded against Ancor LLC because Ancor LLC and Ancor LP were two separate, distinct entities. Both Keene and McKibben testified during the arbitration proceedings that they were serving as Ancor LLC's president and chairman of the board, respectively, and that Ancor LLC currently owned and operated six companies. However, during the course of this litigation, Appellees claimed that when Ancor LLC merged with and into Ancor LP in September 2000, Ancor LLC ceased to exist as a viable, on-going entity. Appellees thus moved for summary judgment on the basis that PGV was barred by limitations from re-litigating the issue of which party was liable under the guaranty because PGV—aware of the merger and its effects—had the opportunity in the first action to sue the correct party—Ancor LP—but chose instead to sue the incorrect party—Ancor LLC. Appellees' position in the first action was intentional, not inadvertent. Keene and McKibben testified under oath in the first action that, in essence, Ancor LLC was a viable, on-going entity. "[Appellees] [cannot] . . . be heard now to maintain a contrary position in the absence of proof that [their] [testimony] was made inadvertently or by mistake or by fraud or duress." *Long v. Knox*, 155 Tex. 581, 585, 291 S.W.2d 292, 295 (1956). Here, there is no such proof. Indeed, Appellees acknowledge in their brief that

7

Keene and McKibben appeared in the first action as witnesses on behalf of Ancor LLC. "There [is] not only no proof . . . [that Appellees' position in the first action was inadvertent] but rather the evidence shows conclusively that [their] [testimony] was made voluntarily, with full knowledge of all the facts and with the intention to prevent satisfaction of the judgment against [them]." *Id*.

Appellees do not contend judicial estoppel is inapplicable in this case. Rather, they argue that PGV, by suing its attorneys for permitting the statute of limitations to expire against Ancor LP, judicially admitted that its claims against Ancor LP are barred. "However, a judicial admission constitutes a waiver of proof of the admitted or asserted fact only in the proceeding in which it is made or, perhaps, in a subsequent proceeding involving the same parties." *Aetna Life Ins. Co. v. Wells*, 557 S.W.2d 144, 147 (Tex.Civ.App.--San Antonio 1977, writ ref'd n.r.e.). Here, Appellees are strangers to the malpractice suit between PGV and its attorneys. And Appellees do not content that PGV's alleged judicial admission was made in a subsequent proceeding involving the same parties. Appellees have thus failed to establish that PGV judicially admitted that its claims against Ancor LP are barred by limitations.

Because Appellees impermissibly profited in this action by asserting a position contrary to that asserted in the first action in support of their argument that Ancor LP is not liable under the guaranty, they are judicially estopped from asserting limitations as an affirmative defense. Therefore, Appellees are not entitled to summary judgment on this basis, and the trial court erred in granting summary judgment on this ground.

PGV's second issue is sustained.  Given our conclusion that Appellees are judicially estopped from raising the defense of limitations, we need not decide PGV's third issue: whether Appellees are equitably estopped from asserting limitations.

**REMAINING GROUNDS FOR SUMMARY JUDGMENT**

Although Appellees were unsuccessful in establishing their right to summary judgment on the bases of *res judicata* and limitations, they also moved for summary judgment on other grounds. Specifically, they claimed that "PGV's tort claims (for fraud, tortious interference with contract, and negligent misrepresentation)" were futile because perjured testimony "cannot serve as a basis for a suit in tort."  Appellees also maintained that PGV could not prevail on its alter ego claims because these types of claims could not be asserted against an LLC and because there was no evidence that Keene and McKibben perpetuated a fraud.  Appellees further argued that PGV's claims for estoppel failed because "estoppel theories are not independent causes of action" and PGV's claims for conspiracy and punitive damages failed because these claims were concomitant with PGV's underlying tort claims.   On appeal, Appellees contend that we should uphold the trial court's summary judgment as to these claims because PGV did not challenge the propriety of summary judgment on these other grounds.   We agree.

It is well-settled that if a trial court does not specify the basis on which summary judgment is granted, the appellant must challenge and negate all possible grounds on which summary judgment could have been granted; otherwise, we must uphold the judgment on that basis. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).  Here, PGV did not respond—in either its summary judgment responses or appellate briefs—to the propriety of summary judgment

9

on grounds other than *res judicata* and limitations. Rather, PGV appears to presume the trial court's summary judgment rested solely on these two grounds. Other than to make passing references to Appellees' inconsistent misrepresentations in arguing that limitations and *res judicata* were inapplicable because the merger never took place, PGV offers no discussion on the other grounds for summary judgment raised by Appellees.[4] Because PGV failed to negate all possible grounds on which summary judgment could have been granted as to its tort claims, alter ego claims, and claims for estoppel, conspiracy, and punitive damages, we conclude the summary judgment on these claims must stand. *See Star-Telegram*, 915 S.W.2d at 473.

## CONCLUSION

We reverse the trial court's grant of summary judgment in favor of Appellees on PGV's declaratory-judgment and contractual claims. We remand those claims to the trial court for further proceedings consistent with this opinion. In all other respects, the trial court's judgment is affirmed.

December 19, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

---

[4] Indeed, PGV claims in its fourth issue that "fact issues persist as to when the alleged merger became effective." However, we need not address this issue because we have already concluded that the trial court erred in granting summary judgment based on *res judicata* and limitations.